# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

RAYMOND FRAZIER,                           :

     Petitioner,                        :

                                   Case No. 3:11cv00419

vs.                                        :

                                   District Judge Timothy S. Black

TIMOTHY BRUNSMAN, Warden,                  :      Magistrate Judge Sharon L. Ovington
Lebanon Correctional Institution,

                           :

     Respondent.                        :

                           :

---

# REPORT AND RECOMMENDATIONS[1]

---

## I.   <u>INTRODUCTION</u>

Coming home from work on September 9, 2008, proved to be anything but typical for Jasmine Frazier.  At approximately 11:15 p.m. that evening, after being picked up from work by her boyfriend, James Swain, the couple heard gunfire and saw Jasmine's brother, Raymond, shooting in their direction while standing next to a green truck or Ford Explorer they recognized as his vehicle.  The previous day Mr. Frazier had allegedly held a knife to Jasmine's throat and said "he was going to kill [her] because [she] wouldn't give him the names of people that were talking about him or running their mouth about him while they were -- he was locked up for the five years."  *See State v. Frazier*, 2010

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Ohio 1507, *P11-13 (Ohio Ct. App., Clark County Apr. 2, 2010).  After the Monte Carlo they were driving in was struck with bullets, Mr. Swain returned gunfire.  The couple was soon pulled over by Springfield Police after a call had been placed to dispatch indicating a gold or silver Monte Carlo had exchanged gunfire with a green SUV.  Ms. Frazier and Mr. Swain both indicated Mr. Frazier had shot at them.  Frazier was later indicted by a Clark County Grand Jury on two counts of Felonious Assault, each with a firearm specification, and one count of Having Weapons While Under Disability.  (Doc. #13-1, Ex. 3).  A jury ultimately convicted Mr. Frazier on all counts, and this federal habeas petition followed.

Petitioner set forth the following Grounds for Relief:

**GROUND ONE:**  THE TRIAL COURT ERRED WHEN IT ALLOWED THE PROSECUTION TO AMEND THE INDICTMENT ON THE FIRST DAY OF TRIAL.

**Supporting Facts:** On or after September 9, 2008, Petitioner was indicted on two (2) counts of Felonious Assault, in violation of R.C. 2903.11(A)(2). Each of the counts carried a Having Weapon While Under Disability charge.  The indictment was amended on the first day of Petitioner's jury trial even when [no serious physical injury was committed against Petitioner's sister and her boyfriend].  [The indictment and then amended indictment arose out of a shooting-then a shootout between Petitioner and criminal but not Defendant prosecution witness Mr. James Swain from vehicles they occupied].

**GROUND TWO:**  THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT ALLOWED THE PROSECUTION TO REMOVE THE ONLY AFRICAN-AMERICAN JUROR. (TR page 17)

**Supporting Facts:** Petitioner was tried initially on an indictment then an amended indictment for two (2) counts of Felonious Assault with Having a Weapon While Under Disability in Clark County (Springfield), Ohio.  The

2

illegal jury trial began with an amended indictment dismissal discussion, argument and decision.  Petitioner was tried before an illegal jury box not represented with African-American jurors at his jury trial on all three (3) counts.

**GROUND THREE:** THE TRIAL COURT'S JURY INSTRUCTIONS WERE INCORRECT AND CONFUSING TO THE PREJUDICE OF PETITIONER.

**Supporting Facts:** Criminal but not Defendant prosecution witness (Mr. James Swain), who pled guilty to assault and aggravated menacing, also testified for the prosecution at Petitioner's illegal jury trial without an African-American juror in his jury box.  He admitted that he pled guilty to assault and aggravated menacing in exchange for certain testimony against Petitioner.  He admitted that his testimony against Petitioner was partly motivated by revenge.

**GROUND FOUR:** THE TRIAL [COURT] ERRED IN SENDING A PORTION OF THE TRIAL TRANSCRIPT BACK TO THE JURY ROOM OVER THE DEFENSE['S] OBJECTION.

**Supporting Facts:** Here, the jurors posed the following question titled "Officer Ivory's testimony," to the judge: "was there mention on dispatch telling Officer Ivory that there was a green SUV and gold Monte Carlo involved?"  Petitioner objected to the court giving any response to this question except to instruct the jurors on their collective memories.

(Doc. #3 at 1-15; Doc. #5 at 1-14).

This matter is now before the Court upon Frazier's Petition for Writ of Habeas Corpus (Doc. #3) and Amended Petition for Writ of Habeas Corpus (Doc. #5); Petitioner's Motion for Evidentiary Hearing (Doc. #6); Respondent's Response in Opposition to Petitioner's Motion for Evidentiary Hearing (Doc. #7); Respondent's Return of Writ (Doc. #13) and Supplemental Memorandum (Doc. #14); as well as Petitioner's Answer to Respondent's Return of Writ (Doc. #15), and the record as a

3

whole.

## II.   <u>STATE COURT PROCEEDINGS</u>

The record shows that on September 29, 2008, a Clark County Grand Jury indicted Frazier on two counts of Felonious Assault, each with a firearm specification, and one count of Having Weapons While Under Disability.  (Doc. #13-1, Ex. 3).   Following a jury trial on November 13, 2008, Frazier was convicted on all counts.  (*Id.*, Ex. 5).  On November 17, 2008, he was sentenced to a mandatory term of imprisonment of 3 years for each firearm specification, to be served prior and consecutive to 8 years imprisonment for each Felonious Assault conviction and 5 years imprisonment to be served consecutively for the Having Weapons While Under Disability conviction.  For sentencing purposes, the trial court merged the firearm specifications, resulting in a 24-year aggregated prison sentence for Frazier.  (*Id.*, Ex. 1).

On December 9, 2008, Frazier, proceeding through appellate counsel, timely filed a notice of appeal in Ohio's Second District Court of Appeals.  (*Id.*, Ex. 5).  In his direct appeal, Frazier raised the following assignments of error:

> 1.   THE TRIAL COURT ERRED WHEN IT ALLOWED THE PROSECUTION TO AMEND THE INDICTMENT ON THE FIRST DAY OF TRIAL;
>
> 2.   THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT ALLOWED THE PROSECUTION TO REMOVE THE ONLY AFRICAN AMERICAN JUROR.
>
> 3.   THE TRIAL COURT'S JURY INSTRUCTIONS WERE INCORRECT AND CONFUSING TO THE PREJUDICE OF APPELLANT.

4.      THE TRIAL [COURT] ERRED IN SENDING A PORTION OF THE
       TRIAL TRANSCRIPT BACK TO THE JURY ROOM OVER THE
       DEFENSE['S] OBJECTION.

(*Id.*, Ex. 6).  The Ohio Court of Appeals overruled each assignment of error and affirmed

the trial court's judgment on April 2, 2010.  (*Id.*, Ex. 2; *see also Frazier*, 2010 Ohio 1507

at *P56).  Frazier did not appeal this decision to the Supreme Court of Ohio.[2]

       While his direct appeal was pending, Frazier, proceeding *pro se*, filed a motion to

vacate a void judgment in the trial court.  (*Id.*, Ex. 8).  On April 21, 2009, Frazier's

motion was overruled.  (*Id.*, Ex. 9).  Frazier filed an untimely *pro se* notice of appeal of

the denial of his motion to vacate.  (*Id.*, Ex. 10).  On June 23, 2009, the Ohio Court of

Appeals *sua sponte* issued an order giving Frazier 14 days to show cause as to why the

matter should not be dismissed as untimely.  (*Id.*, Ex. 11).  Frazier did not respond, and on

August 10, 2009, his appeal was dismissed for failure to prosecute.  (*Id.*, Ex. 12).  Frazier

did not appeal to the Supreme Court of Ohio.

       On June 24, 2010, pursuant to Ohio App.R. 26(B), Frazier, proceeding *pro se*,

timely filed an application for reopening his direct appeal based on an ineffective

assistance of appellate counsel claim.  (*Id.*, Ex. 13).  Frazier alleged his appellate counsel

was ineffective for not raising the following errors on direct appeal:

1.      INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IS

_____

[2] In his Petition, Frazier indicates that he did seek further review by the Supreme Court of Ohio relating to the Ohio Court of Appeals' decision affirming his convictions, however, this is not correct. The Supreme Court of Ohio decision referenced by Frazier related to an appeal he sought from the August 24th, 2010, Ohio Court of Appeals' decision denying his Ohio App.R. 26(B) application to reopen.  (*See* Doc. #3 at 2; Doc. #13-1, Ex. 16).

PRESENT WHERE SUCH COUNSEL FAILED TO RAISE TRIAL
COUNSEL'S INEFFECTIVENESS WHERE THEY FAILED TO OBJECT
TO O.R.C. § 2903.11[A](2) BEING APPLIED TO APPELLANT IN
VIOLATION OF HIS RIGHT TO EQUAL PROTECTION OF LAW
UNDER THE OHIO CONSTITUTION MADE APPLICABLE TO OHIO
VIA THE FOURTEENTH AMENDMENT, U.S. CONSTITUTION.

2.     INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IS
PRESENT WHERE SUCH COUNSEL FAILED TO CITE TRIAL
COUNSEL'S INEFFECTIVENESS IN NOT OBJECTING TO THE
WEAPONS UNDER DISABILITY COUNT NOT CHARGING AN
OFFENSE.

3.     INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IS
PRESENT WHERE SUCH COUNSEL FAILED TO CITE TRIAL
COUNSEL'S DEFICIENT PERFORMANCE IN NOT REQUESTING A
JURY INSTRUCTION ON THE LESSER-INCLUDED OFFENSE OF
AGGRAVATED ASSAULT.

(*Id.*).  On August 25, 2010, the Ohio Court of Appeals ruled that "Frazier has failed to

establish a genuine issue about the existence of a colorable claim of ineffective assistance

of appellate counsel" and overruled his application to reopen his appeal under App.R

26(B).  (*Id.*, Ex. 15).

On October 5, 2010, Frazier, proceeding *pro se*, timely appealed the denial of his

Ohio App.R. 26(B) application to reopen to the Supreme Court of Ohio.  (*Id.*, Ex. 16).

Frazier presented the following in his jurisdictional memorandum:

1.     DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE
ASSISTANCE OF COUNSEL ON APPEAL WHERE THE ATTORNEY
FAILED TO RECOGNIZE, ARGUE AND BRIEF THE FACT THAT HIS
CONVICTION FOR ATTEMPTED FELONIOUS ASSAULT IS
VIOLATIVE OF HIS EQUAL PROTECTION RIGHTS UNDER THE
OHIO CONSTITUTION AND HIS DUE PROCESS RIGHTS UNDER
THE FEDERAL CONSTITUTION.

       2.      DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL WHERE HIS ATTORNEY FAILED TO RECOGNIZE, ARGUE AND BRIEF THE FACT THAT THE WEAPONS UNDER DISABILITY COUNT OF THE INDICTMENT FAILED TO CHARGE AN OFFENSE;

       3.      DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHERE SUCH ATTORNEY FAILED TO ASSIGN AS ERROR THE TRIAL COURT'S FAIL[URE] TO INSTRUCT THE JURY ON THE LESSER-INCLUDED OFFENSE OF AGGRAVATED ASSAULT PER O.R.C. §2903.12.

(*Id.*, Ex. 17).  On December 1, 2010, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.  (*Id.*, Ex. 19).

On November 12, 2011, Frazier filed the instant Petition for Writ of Habeas Corpus.  On December 8, 2011, Frazier filed an additional, handwritten, "Pro Se Petition Under 28 U.S.C. Section 2254 For a Writ of Habeas Corpus By a Person in State Custody."  (Doc. #5).  This filing contained the same four grounds for relief discussed in Frazier's Petition for Writ of Habeas Corpus filed on November 12, 2011, (Doc. #3), but provided additional argument.  (*Id.*).

## III.   **FACTUAL FINDINGS**

On Petitioner Frazier's direct appeal from his state criminal conviction underlying this matter, the Ohio Court of Appeals set forth the following presumptively correct[3] findings of fact:

---

[3] The state court's factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040, 119 S. Ct. 2403, 144 L. Ed. 2d 802 (1999).

After the procedural matters were resolved, the State presented the following version of events. In 2002, Mr. Frazier was convicted of robbery, a second degree felony, in violation of R.C. 2911.02. Ms. Frazier testified that on September 8, 2008, her brother held a knife to her throat and "was talking about how he was going to kill [her] because [she] wouldn't give him the names of people that were talking about him or running their mouth about him while they were -- he was locked up for the five years* * *." Ms. Frazier and Swain testified that on September 9, 2008, Swain picked Ms. Frazier up from work in her Monte Carlo at approximately 11:15 p.m. The couple heard gunfire and saw Mr. Frazier shooting in their direction while standing next to a green truck or Ford Explorer they recognized as a vehicle he drove. After the bullets struck their vehicle, Swain returned fire. He testified that he had a gun in the car that day because some time before this incident occurred, Mr. Frazier called him and said that he could "die with Jasmine[.]"

At some point after the couple exited the parking lot, officers from the Springfield Police Department pulled them over. Officer Greg Ivory testified that he initiated the traffic stop after hearing multiple shots fired in the area and receiving a call from dispatch that the occupants of a gold or silver Monte Carlo and a green SUV had fired shots back and forth at each other. Swain and Ms. Frazier both implicated Mr. Frazier as the one who initiated the shooting.

Mr. Frazier attempted to discredit the testimony of Swain and Ms. Frazier at trial and argued that law enforcement did not thoroughly investigate their story. However, the jury found Mr. Frazier guilty on all counts. After sentencing, he filed this appeal.

(Doc. #13-1, Ex. 2; *see State v. Frazier*, 2010 Ohio 1507, *P11-13 (Ohio Ct. App., Clark County Apr. 2, 2010)).

## IV.   <u>FRAZIER'S PETITION IS TIME-BARRED</u>

Respondent contends Frazier's claims are time-barred because they were filed after the expiration of the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  (Doc. #13 at 13-18).  The AEDPA applies to Frazier's Petition because he filed it on November 12, 2011, well after the

AEDPA became effective.[4]  *See Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The

AEDPA contains a one-year statute of limitations. 28 U.S.C. §2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State Court. The
> limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct
> > review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by
> > State action in violation of the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if the right has been newly recognized by
> > the Supreme Court and made retroactively applicable to cases on direct
> > review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented
> > could have been discovered through the exercise of due diligence.
> >
> > (2) The time during which a properly filed application for State
> > post-conviction or other collateral review with respect to the pertinent
> > judgment or claim is pending shall not be counted toward any period of
> > limitation under this subsection.

In this case, Frazier, proceeding through appellate counsel, timely filed his direct

appeal. (Doc. #13-1, Ex. 5).  On April 2, 2010, the Ohio Court of Appeals overruled each

assignment of error and affirmed the trial court's judgment.  (*Id.*, Ex. 2; *see also State v.*

*Frazier*, 2010 Ohio 1507, *P56 (Ohio Ct. App., Clark County Apr. 2, 2010)).  Frazier did

not appeal this decision to the Supreme Court of Ohio.  Pursuant to Ohio S.Ct. Prac. R.

---

[4] The AEDPA became effective on April 24, 1996.  See Pub.L. No. 104-132, 110 Stat. 1214; *see also Barker,* 199 F.3d at 871.

2.2(A)(1)(a), a notice of appeal to the Supreme Court of Ohio must be filed within 45

days from the date a judgment entry is journalized.  The Ohio Court of Appeals' decision

was journalized on April 5, 2010, thus, the date on which the judgment became final was

45 days later, on May 20, 2010.  *See Williams v. Wilson*, 149 Fed. Appx. 342 (6th Cir.

2005).  Absent any statutory or equitable tolling, Frazier therefore had until May 23,

2011,[5] in which to file his federal habeas petition.  Frazier's Petition is deemed filed on

November 12, 2011 – the date on which he signed the Petition and appears to have

provided it to prison officials for mailing.  (*See* Doc. #1-1 at 15;  *see also Cook v. Stegall*,

295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 270, 101 L. Ed.

2d 245, 108 S. Ct. 2379 (1988))).  Thus,  Frazier's petition is time-barred unless statutory

or equitable tolling extends the expiration date.

## A.    Statutory Tolling

On June 24, 2010, Frazier filed his Ohio App. R. 26(B) application to reopen his

direct appeal.  (*Id.*, Ex. 13).  At this point, the AEDPA statute of limitations had been

running for a total of 34 days since starting on May 21, 2010.  (*Id.*).  On August 24, 2010,

the Ohio Court of Appeals denied Frazier's application to reopen,  (*id.*, Ex. 15), and he

appealed this decision to the Supreme Court of Ohio on October 5, 2010.  (*Id.*, Ex. 16).

On December 1, 2010, the Supreme Court of Ohio denied Frazier's appeal, (*id.*, Ex. 19),

and the statute of limitations began to run again the next day on December 2, 2010.  The

---

[5] May 21, 2011, was a Saturday.  Accordingly, Frazier would have been permitted until Monday, May 23rd, 2011, to file his federal habeas petition.  *See* Fed. R. Civ. P. 6(a)(1)(C).

AEDPA statute of limitations ran continuously from that point forward until it expired

331 days later on Saturday, October 29, 2011.  Frazier therefore had until Monday,

October 31, 2011, in which to file his petition.  *See* Fed. R. Civ. P. 6(a)(1)(C).  Frazier did

not file his federal habeas corpus petition until November 12, 2011.  Accordingly, absent

equitable tolling, Frazier's petition is time-barred.

**B.      Equitable Tolling**

The United States Supreme Court has held that the one-year statute of limitations

is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, __ U.S.

__, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).  The *Holland* Court held that a

habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or

she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary

circumstance stood in his [or her] way' and prevented timely filing." *Id.* at 2562 (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)); *see

also Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (courts may review

time-barred petitions for habeas corpus under the doctrine of equitable tolling provided

that "a litigant's failure to meet a legally-mandated deadline unavoidably arose from

circumstances beyond that litigant's control"). "The petitioner has the burden of

demonstrating that he [or she] is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d

396, 401 (6th Cir. 2004).

When deciding whether equitable tolling should apply, courts consider the

following factors: (1) the petitioner's lack of notice of the filing requirement; (2) the

11

petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001).

These five factors are not comprehensive nor is each of the five factors relevant in all cases. Instead, courts must consider equitable tolling on a case-by-case basis. *Allen*, 366 F.3d at 401 (citation omitted). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

Frazier has not set forth any argument or circumstances to justify the filing of his federal habeas action after the expiration of the one-year limitations period on October 31, 2011. In fact, Frazier did not provide any response in the section of the Petition requesting an explanation as to why the one-year statute of limitations does not bar his Petition. (Doc. #3 at 14-15). The fact that Frazier is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period also does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling).

Frazier has not established that anything impeded his ability to timely seek review of his conviction nor has he shown that anything prevented him from seeking assistance

and pursuing federal habeas review in a timely manner. Given such circumstances, Frazier is not entitled to equitable tolling under *Dunlap*. Frazier's Petition is therefore time-barred.[6]

Because reasonable jurists would not disagree on this point, Petitioner should be denied a certificate of appealability and leave to appeal in forma pauperis.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Raymond Frazier's Petition for a Writ of Habeas Corpus (Doc. #3) and Amended Petition for a Writ of Habeas Corpus (Doc. #5) be DENIED and DISMISSED;

2.  Petitioner's Motion for Evidentiary Hearing (Doc. #6) be DENIED as moot;

3.  Petitioner be DENIED a certificate of appealability and leave to appeal in forma pauperis; and,

4.  This case be terminated on the docket of this Court.

July 3, 2012

                                      ___s/Sharon L. Ovington___
                                          Sharon L. Ovington
                               United States Magistrate Judge

---

[6] Respondent is also correct in noting that Petitioner's claims are procedurally defaulted because he failed to exhaust his claims in the Ohio courts by not filing a direct appeal to the Supreme Court of Ohio. (Doc. #13 at 18-24); *see also Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 430-31 (6th Cir. 2006) ("A petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his habeas corpus claims by a federal court. The petitioner must first exhaust the remedies available in state court by fairly presenting his federal claims to the state courts; unexhausted claims will not be reviewed by the federal court." (citing *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) (other citations omitted)).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

14