# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RAYMOND FRAZIER, | : | |
| Petitioner, | : | Case No. 3:11cv00419 |
| vs. | : | District Judge Timothy S. Black |
| | | Magistrate Judge Sharon L. Ovington |
| WARDEN, Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.

Petitioner Raymond Frazier is presently serving a total prison sentence of twenty-four years due to his convictions in state court of two counts of felonious assault, each with a firearm specification, and one count of having a weapon while under a disability. He filed this case seeking a writ of habeas corpus under 28 U.S.C. §2254.

Previously in this case, on July 3, 2012, the undersigned judicial officer issued a Report and Recommendations, concluding that Frazier's habeas petition was barred by the applicable one year statute of limitations. (Doc. #16). The Report and Recommendations notified Frazier that in the event he wanted to file objections to the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Report and Recommendations, he had seventeen days to do so. *Id*., PageID at 782. Frazier did not file objections or otherwise respond to the Report and Recommendations.

On July 27, 2012, United States District Judge Timothy S. Black issued a Decision and Entry adopting the Report and Recommendations in its entirety and dismissing Frazier's habeas petition as time barred. (Doc. #17). In his Decision, Judge Black stated that he had conducted a *de novo* review of all the filings in this matter and that Frazier had not filed objections to the Report and Recommendations. (Doc. #17). That same day, the Clerk of Court entered the resulting judgment. (Doc. #18).

Frazier had thirty days to file a notice of appeal, *see* Fed. R. App. P. 4(a)(1)(A), but he did not do so. Consequently, he does not have an appeal presently pending in the United States Court of Appeals for the Sixth Circuit.

The case is now before this Court upon Frazier's Pro Se Delayed "Objections" (Doc. #19), Respondent's Response in Opposition (Doc. #20), and the record as a whole. Frazier states (without correction or sics):

> Now comes the Petitioner-Raymond Frazier- inmate number $595-071 pro se, who bring his "Petitioner's Pro Se Delayed 'Objections' while he is seeking the Magistrate Judge Sharon L. Ovington to [review] and [old legal case-State of Ohio, v. Robert Smith – 1980 Ohio App LEXIS 11405] herein, "pro se litigants/complaints are held to less stringent standards that drafted by regular lawyers." Haines v. Kerner, 92 S Ct 594, 404 U.S. 519, 30 L Ed 2d 654. "The constitutional amendment ratified with the Bill of Rights in 1791, guaranteeing the freedom of speech, religion, press, assembly and petition." First Amendment-Black's Law Dictionary Eight Edition (1999). "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety." Ohio Constitution-Article I Section 1

2

right to freedom and protection of property.

(Doc. #19)(brackets in original; capitalization mostly omitted). Frazier has attached to his delayed Objections a copy of the *Smith* case on which he relies. And he has filed a Memorandum in Support. (Doc. #19, PageId at 791-94).

## II.

Frazier's Delayed Objections present no basis for re-opening this case. His delayed Objections do not explain why he did not file Objections to the Report and Recommendations in a timely manner. The closest he comes to an explanation is that an inmate law clerk "has paralyzed the Petitioner's appeal efforts for years...." (Doc. #19, PageID at 792). Construing this allegation liberally in his favor as meaning that he received incorrect legal advice from a fellow inmate, his reliance on another inmate does not excuse his failure to file timely objections to the Report and Recommendations. *Cf. Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 752 (6th Cir. 2012) (habeas petitioner's pro se status and limited access to law library insufficient to equitably toll statute of limitations). Although Frazier is correct that pleadings filed by pro se litigants are held to less stringent standards than formal pleading written by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this rule does not apply to readily comprehensible deadlines, such as the deadline for filing objections to a Report and Recommendations of which Frazier had notice. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Frazier's reliance on *Smith v. State of Ohio*, 1980 Ohio App. LEXIS 11405 (8th App. Dist., 1980) is misplaced because *Smith* did not involve a statute of limitations issue

3

in a federal habeas corpus case.  Similarly, the holding in *Smith* – aggravated menacing under Ohio law is not a lesser included offense of felonious assault, *id*., (doc. #19, PageID at 789) – does not assist Frazier in overcoming his statute of limitations bar in this habeas corpus case or his tardiness in filing Objections to the Report and Recommendations.

Lastly, to obtain relief from the judgment previously entered against him, Frazier must proceed under Fed. R. Civ. P. 60(b), which states, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise or neglect; . . .  (6) any other reason that justifies relief."  Rule 60(b) retains an "unquestionably valid role to play in habeas cases." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).  Neither Frazier's Motion nor his Memorandum provide a basis for granting him relief under 60(b).  He has not alleged the existence of circumstances showing mistake, inadvertence, surprise, neglect, or any other reason that justifies relief.  And, again, he has not presented a reason for failing to file timely objections or any assertion that the procedural ground on which his habeas petition was dismissed – statute of limitations – was incorrect as a matter of fact or law.

Accordingly, Frazier's delayed objections provide no basis for reopening this case and lack merit.

### IT IS THEREFORE RECOMMENDED THAT:

1. Frazier's Pro Se Delayed "Objections" (Doc. #19) be DENIED; and

    2.       The case remain terminated on the docket of the Court.

September 19, 2012

                                                        s/Sharon L. Ovington  
                                                         Sharon L. Ovington  
                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).